JUSTICE WARNER
concurring and dissenting.
¶91 I concur in Issues 1-5 and 7-9. Relating to Issue 6, I also agree that evidence of the prior fall of another child at the MSU Library, if such were admissible, would be subject to a discretionary Rule 403, M.R.Evid., analysis.
¶92 However, ordering that the evidence of the prior fall may be admitted, not to prove fault or causation, but damages, is a serious mistake. As noted in the Comb’s opinion, it is true that Sacco and Wages stand for the propositions that a claim for negligent infliction of emotional distress will arise where serious or severe emotional distress was a reasonably foreseeable consequence of a defendant’s negligence, and that the plaintiff does not have to be a bystander to have a valid claim. However, these are not the issues presented by the facts here. Here, the majority of this Court takes a giant leap forward in the law and determines that when a person is negligent, as the State apparently was in the instance of the prior fall, it is foreseeable that other persons who observe the results of a subsequent, separate negligent act or omission may suffer increased damages, actually caused by the first incident, because their already severe emotional damages are increased when they hear of such prior negligence. Thus, we may now have changed the law in Montana and held that it is foreseeable that an act or omission constituting negligence may result in damages owed to other, as yet uninjured persons, for an indefinite time in the future. We have held that such initial negligence may be admissible, along with other subsequent negligent acts or omissions, as evidence of emotional damages, even though such do not arise from the same accident or even concern the same injured person. And, the person claiming such damages need not have any relationship with or connection to the person actually injured in the first incident. A subsequent negligent act or omission which causes emotional damage could somehow be deemed to be the cause of the damage really suffered as a result of the first negligent act or omission.
¶93 To summarize what is apparently the new rule, with which I *332 emphatically disagree, in Montana, a person who is negligent has a duty, and by his negligence has already breached that duty, to all other persons who in the future may suffer an increase in their emotional distress because of such negligent act or omission. Cause is established when the subsequently severely emotionally damaged person learns of the prior negligence, and all that has to be proven is damages. Further, the prior act apparently need not be included in the pleadings even though it is the cause of damages.
¶94 Where will it end? As Schultz’s Charlie Brown is wont to say; Good Grief! Kristin deserves the damages she suffered as a result of Hunter’s accident, not every other stairway accident on campus. I dissent from this Court’s Opinion that evidence of the prior fall may be admitted if the District Court finds that its evidentiary value is not outweighed by its prejudice to the State.
CHIEF JUSTICE GRAY joins in the foregoing concurrence and dissent.